IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN ANN BARTHOLOMEW, <br> Plaintiff, <br> v. <br> CHAD FINKE, et al., <br> Defendants. | Case No. 18-cv-04590-CRB <br><br> **ORDER GRANTING MOTION TO DISMISS** |

Pro se plaintiff Marilyn Bartholomew has sued a variety of state-court officials, alleging a conspiracy to deprive her of a judicially-authorized order in her state-court appeal. See generally First Amend. Compl. (Dkt. 16). She alleges violations of the Fourteenth Amendment as well as claims under California fraud, malice, and negligence law. Id. Defendants are the Court Executive Officer of the Superior Court of California, Chad Finke, the Supervising Legal Research Attorney for Superior Court of California, Angela Ball, and twenty unnamed state court officials. Id. at ¶¶ 11-18.

Defendants have now moved to dismiss, arguing that Plaintiff's claim is barred by the Eleventh Amendment, Rooker-Feldman doctrine, and that her claim lacks sufficient specificity. Mot. at 1 (Dkt. 21).

The Courts holds that the suit is fully barred by the Rooker-Feldman doctrine. The Court thus GRANTS the Motion to Dismiss for lack of jurisdiction.

## I. BACKGROUND

The Complaint alleges that the employees of the Superior Court of California, County of Alameda, engaged in a conspiracy to deprive Plaintiff of judicially issued

United States District Court
Northern District of California

1 rulings because administrative officials ruled on her state-court case. <u>See generally</u> First
2 Amend. Compl. It further alleges that the presiding judge's duties were delegated to Finke,
3 and: (1) Finke and/or Ball, "and/or legal staff directed by Finke and/or Ball, controlled
4 whether the Appeals Unit would issue any appellate minute order[,]" First Amend. Compl.
5 ¶ 164; (2) Ball controlled "what would be written into the content of the minute orders the
6 Appeals Unit created[,]" <u>id.</u> at ¶ 161; (3) Ball and Finke controlled "whether any document
7 filed in the appeal case would ever be listed in, or viewable in, the Register of Actions[,]"
8 <u>id.</u> at ¶¶ 162, 166; (4) Finke had controlled Ball and her staff, so that Finke ultimately
9 controlled "the content of the minute orders the Appeals Unit created[,]" <u>id.</u> at ¶ 165; and
10 (5) Finke and Ball decided and controlled whether the Appellate Division would actually
11 receive documents filed by Plaintiff. <u>Id.</u> at ¶ 163. Plaintiff seeks compensatory and
12 punitive damages, declaratory and equitable relief, and attorneys fees. <u>Id.</u> at Prayer for
13 Relief.

## II. DISCUSSION

Defendants offer three arguments that, they urge, are independent bases dismissal. <u>See generally</u> Mot. Because the Court grants the Motion to Dismiss on the basis of the <u>Rooker-Feldman</u> doctrine, the Court does not reach the Defendants' other two arguments.

The <u>Rooker-Feldman</u> doctrine bars the entirety of Plaintiff's suit, because under that doctrine the Court lacks jurisdiction. <u>See</u> Mot. at 5-6; <u>Worldwide Church of God v. McNair</u>, et al. 805 F.2d 888, 890 (9th Cir. 1986) (district courts "may not exercise appellate jurisdiction over state courts." (citing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923))). Defendants urge that all of Plaintiff's claims are "inextricably intertwined" with the state court's decision, so this Court lacks jurisdiction. Mot. at 6 (quoting <u>District Court of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983). Plaintiff responds that the alleged "fraud committed by Defendants as court employees resulted in no decision for her appeal ever made by judges," and thus is not a state court action.

Plaintiff takes an overly narrow view of the Rooker-Feldman doctrine; the doctrine also covers challenges to state court policies. See Feldman, 460 U.S. at 486. The Complaint alleges that Defendants engaged in a conspiracy to deprive her of a decision by a judge on her appeal. See Opp. at 1-7 (Dkt. 25). And it asks this Court to declare void the state court's holdings in her underlying case. First Amend. Compl. ¶ 261. Asking this Court to declare void state court orders is effectively an appeal of those orders, and the allegations of a conspiracy in the application of state court procedures are "inexorably intertwined" with that state court's holdings. See Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012) (holding that an "alleged conspiracy [for procedural due process violations] is a fig leaf for taking aim at the state court's own alleged errors. It is precisely this sort of horizontal review of state court decisions that the Rooker–Feldman doctrine bars."). Plaintiff's claim is thus squarely within the category of suits precluded by the Rooker-Feldman doctrine.[1]

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED and the case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: January 23, 2019

CHARLES R. BREYER
United States District Judge

---

[1] Plaintiff also objects to the Reply because she alleges that it introduced new evidence that Plaintiff did have a hearing in her state-court case. Dkt. 29. As this is a Motion to Dismiss, and statements made in a brief are not evidence, there is no reason to address this issue. She also asks the Court to take judicial notice of the state court record. Dkt. 30. As the case can be resolved without such notice, the Court declines to do so.