IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN ANN BARTHOLOMEW,<br><br>Plaintiff,<br><br>v.<br><br>CHAD FINKE, et al.,<br><br>Defendants. | Case No. 18-cv-04590-CRB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Pro se plaintiff Marilyn Bartholomew has sued a variety of state-court officials, alleging a conspiracy to deprive her of a judicially-authorized order in her state-court appeal. See generally First Amend. Compl. (Dkt. 16). Defendants moved to dismiss, Mot. to Dismiss (Dkt. 20), and on January 23, 2019, the Court granted that motion on the ground that Plaintiff's claims were barred by the Rooker-Feldman doctrine. Order (Dkt. 35). The Court thus dismissed the case with prejudice, id., and issued a judgment in favor of Defendants. Judgment (Dkt. 37).

Plaintiff has now filed a motion styled Motion for Relief From Order Granting Defendants' Motion to Dismiss, and for Relief from the Judgment. Mot. (Dkt. 38). This Court held a hearing on that Motion on March 1, 2019. The Court now DENIES that motion.

## I. DISCUSSION

Plaintiff contends that relief under Federal Rule of Civil Procedure 60(b)(1) is appropriate here because she "inadvertently made the mistake of neglecting to provide sufficient clarification for paragraph 261 in her First Amended Complaint's Sixth Claim

for Relief," and did "not intend that her Sixth Claim for Relief be interpreted to mean that it asks this Court to declare void the state court's holdings or rulings by judges in the underlying case." Mot. at 2. As she did in her First Amended Complaint and her Opposition to the Motion to Dismiss, Plaintiff argues that "none of the documents described [by the state court] as minute orders issued in her appeal . . . were ever issued by or authorized by judges and that those documents therefore do not contain rulings or holdings by the state court. Plaintiff hereby moves this Court to permit Plaintiff the option of eliminating her Sixth Claim for Relief, since Plaintiff is willing to proceed on any other claims that are not barred." Mot. at 2; see also First Amend. Compl. ¶ 78, Opp. to Mot. to Dismiss at 2.

This argument fails. Rule 60(b)(1) permits a court to grant relief from judgment where there has been "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60 is to be used "sparingly as an equitable remedy to prevent manifest injustice," but only in "extraordinary circumstances." United States v. State of Wash., 98 F.3d 1159, 1163 (9th Cir. 1996) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 510 U.S. 813 (1993)). The argument that Plaintiff now advances does not meet this high bar; indeed, it is no different from the one she advanced in her Opposition to the Motion to Dismiss. See Opp. to Mot. to Dismiss (Dkt. 25) at 2. And the Court has already rejected that argument on the grounds that the First Amended Complaint asked this Court to declare void a state court order, which "is effectively an appeal of those orders." Order at 3.[1] Moreover, the problem with Petitioner's First Amended Complaint was not restricted to her Sixth Claim for Relief, the only claim for relief she specifically references in her Motion. See generally Mot. Rather, all of her

---

[1] Plaintiff also indicates that her failure to appear the hearing on Defendants' Motion to Dismiss was inadvertent and, she seems to argue, she would have "clarified" what she meant in her Complaint. Mot. at 4-5. But, again, the only "clarification" that she offers is to merely repeats the argument made in her Opposition to the Motion to Dismiss that the alleged "sham" orders meant that there was no state court opinion at all. See Opp. to Mot. to Dismiss at 2, 10; Mot. at 4-5. For the reasons discussed in the Order Granting Motion to Dismiss, that argument is unpersuasive.

claims for relief are barred by the Rooker-Feldman doctrine, see Worldwide Church of God v. McNair, et al. 805 F.2d 888, 890 (9th Cir. 1986) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)), as they all challenge state court orders, and are thus "inextricably intertwined" with state court proceedings, D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see First Amend. Compl. Nothing in Plaintiff's argument in her Motion for Reconsideration justifies a finding that there has been any "mistake, inadvertence, surprise, or excusable neglect" that might justify the "extraordinary" remedy of reconsideration. Fed. R. Civ. P. 60(b)(1); State of Wash., 98 F.3d at 1163.

II. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: March 1, 2018

CHARLES R. BREYER
United States District Judge